# EXHIBIT F



| | |
|---|---|
| 8210 SouthPark Terrace<br>Littleton, CO  80120<br>303-268-0066<br>Fax 303-381-9887<br>www.quarles.com | Attorneys at Law in<br>Chicago<br>Denver<br>Indianapolis<br>Madison<br>Milwaukee<br>Minneapolis<br>Naples<br>Phoenix<br>San Diego<br>Tampa<br>Tucson<br>Washington, D.C. |

Writer's Direct Dial: 303-226-6977
E-Mail: Ian.Saffer@quarles.com

October 31, 2023

Stephen P. McNamara
St. Onge IP
986 Bedford Street
Stamford, CT 06905-5619
**Via Email:**  smcnamara@ssjr.com

RE:     Re:  Unauthorized Use of Aspen Skiing Company's Intellectual Property

Dear Mr. McNamara:

This firm represents Aspen Skiing Company ("ASC") in trademark matters.  I write to follow up on the correspondence we exchanged in 2021 regarding unauthorized use of ASC's intellectual property by your client, Perfect Moment (UK) Limited ("Perfect Moment").  As you know, after that exchange, Perfect Moment removed from its social media accounts several images that infringed ASC's rights by using ASC trademarks and other intellectual property without permission.  You also represented that Perfect Moment would not use ASC's intellectual property in the future.

In light of this background, ASC was surprised to learn that Perfect Moment has, again, infringed ASC's rights by advertising and selling products bearing an image of ASC's property. Specifically, ASC hosts a well-known event under the brand ASPENX BEACH CLUB:

  

(*See, e.g.,* https://aspenx.com/collections/aspenx-beach-club.)

Stephen P. McNamara
October 31, 2023
Page 2

Perfect Moment is using at least one photo of the ASPENX BEACH CLUB event to advertise its goods, and is selling multiple goods bearing the image of the ASPENX BEACH CLUB event:



(*See, e.g.,* https://www.instagram.com/p/Cy3w8JTPipy/.)



(*See, e.g.,* https://www.instagram.com/dedejohnstondesign/; https://www.perfectmoment.com/en-us/p/pm-x-dede-johnston-thermal-half-zip/sky-blue.)

Perfect Moment's advertising and goods very clearly depict ASC's property and its ASPENX BEACH CLUB event, creating a false association with ASC.  As you know from our prior correspondence, a claim for false association under 15 U.S.C. § 1125 does not require that the defendant use a registered mark, or even use any traditional trademark, in order for liability to exist.  Rather, § 1125 imposes liability for any misrepresentation as to affiliation, connection, or association with another party.  Significantly, § 1125 does not require that the plaintiff possess

Stephen P. McNamara
October 31, 2023
Page 3

or have used a "trademark" as an element of the cause of action; the defendant's false or misleading suggestion of affiliation creates liability.  Therefore, photos of ASC's property, including photos of readily-identifiable elements such as the distinctive red-and-white trade dress used at the event, violate § 1125.  To the target customers – skiers – the location and the event are readily-identifiable as affiliated with ASC.

In addition, and once again, Perfect Moment's use of U.S. Forest Service land for commercial activities violates U.S. Forest Service regulations and the enabling statutes.  Only parties with a Special Use Permit are permitted to conduct commercial activities on U.S. Forest Service land.  ASC holds a Special Use Permit for its four ski areas and is the only party permitted to conduct commercial activities on those properties.  *Heath v. Aspen Skiing Corporation*, 325 F. Supp. 223 (D. Colo. 1971).

ASC demands that Perfect Moment confirm in writing that it will immediately:

(1) Remove from all social media, websites, and other advertising media any photo of or other reference to the ASPENX BEACH CLUB event;

(2) cease all sale, offering for sale, and advertising or promotion of goods bearing any photo of or other reference to the ASPENX BEACH CLUB event;

(3) cease any and all other activities that use ASC's trademarks or create a false association with ASC; and

(4) cease all commercial photography at ASC's four ski areas.

Given the importance of this matter, we request a written response confirming Perfect Moment's agreement within 10 business days of the date of this letter.  Should Perfect Moment fail to do so, ASC reserves all rights to pursue any available legal remedies without further correspondence or other warning.  This letter is not intended to be a comprehensive statement of ASC's causes of action or damages, all of which are reserved.  If you wish to discuss this matter by phone, please call.

Sincerely,

Ian L. Saffer

IS:vf