**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-CV-03355-SKC-STV

**ASPEN SKIING COMPANY, LLC**,

Plaintiff,

v.

**PERFECT MOMENT LTD.**,

Defendant.

---

**JOINT MOTION TO STAY THE ACTION PENDING MEDIATION PURSUANT TO LOCAL RULE 16.6(a)**

---

Plaintiff, Aspen Skiing Company, LLC ("ASC") and Defendant, Perfect Moment, LTD ("PM") (collectively, the "Parties"), by and through undersigned counsel, hereby file this Joint Motion to Stay the Action Pending Mediation Pursuant to Local Rule 16.6(a) ("Motion"). In support of the Motion, the Parties respectfully state as follows:

1. The Parties have conferred and have agreed to mediate this case. Mediation is set for Tuesday, July 23, 2024, at 8:30 am, with David Sipiora, Esq.

2. The Parties are hopeful that Mr. Sipiora will successfully mediate this case to conclusion. The Court is aware that efforts to resolve the case have been ongoing. Counsel have further conferred and agreed to proceed and dedicate resources and time to the mediation process

and request a stay of the litigation pending that effort.

3. Pursuant to Local Rule 16.6, the Parties respectfully request that the Court stay this case until August 1, 2024, after the Parties have completed mediation to avoid the potentially unnecessary time and expense of conducting further discovery or other litigation activities.

4. The Parties will file a joint status report within seven (7) days of concluding the July 23, 2024, mediation informing the Court whether the mediation was successful, and if not, the parties will file an appropriate motion to amend the Scheduling Order.

5. Plaintiff filed their complaint in this case on December 12, 2023 [ECF 1].

6. Defendant answered the complaint and asserted counterclaims on March 8, 2024 [ECF 21].

7. Plaintiff answered the counterclaims on April 19, 2024 [ECF 26].

8. The Parties exchanged initial disclosures on April 15-16, 2024.

9. December 20, 2024, is the deadline to complete discovery pursuant to the Scheduling Order [ECF 29].

10. ASC has propounded discovery with a current objection and response deadline of July 15, 2024. PM is in the process of preparing both objections and responses and propounding its own discovery to ASC. As the Parties reengaged in settlement and have agreed to mediate with Mr. Sipiora, who is an expert practitioner in the field, they have stipulated to the requested relief in this Motion.

11. Local Rule 16.6 provides, in part, "[t]o facilitate settlement or resolution of the suit, the district judge or magistrate judge exercising consent jurisdiction may stay the action in whole or in part during a time certain or until further order." D.C.COLO.LCivR 16.6(a).

12. In exercising this power, "[t]he Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Kentz v. Borja*, No. CIV.A08CV01064REBMEH, 2009 WL 179675, at *1 (D. Colo. Jan. 26, 2009).

13. Stays are appropriate when used to "prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Bituminous Cas. Corp. v. Hartford Cas. Ins*. Co., No. 12-CV-00043-WYDKLM, 2013 WL 5291404, at *2 (D. Colo. Sept. 19, 2013) (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005)).

14. Courts weigh the following factors when considering a motion to stay discovery: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

15. The Parties will not be prejudiced by a stay. The Court may presume no prejudice because ASC and PM are jointly requesting this stay. *See Sykes v. LivaNova Deutschland GmbH*, No. 17-CV-02437-KLM, 2018 WL 286791, at *2 (D. Colo. Jan. 4, 2018) (finding that "staying discovery would apparently not prejudice or impose a burden on any party, as they jointly request the stay.")

16. Further, good cause exists as a stay will promote the Parties' interests by preventing them from expending time and resources on discovery or other litigation activities when a scheduled mediation in the near time may resolve the case.

17. A stay will also promote judicial economy and convenience of the Court. By staying the action until after mediation is completed, the Court may obviate the need for any further scheduling and litigation in this case.

18. A stay until August 1, 2024, 7 days after the July 23, 2024, mediation will advance all Parties and the Court's interest by promoting efficient resolution of this case.

19. The factors support the Motion, and the Parties respectfully request that the Court enter an order staying discovery pursuant to Local Rule 16.6(a).

20. WHEREFORE, for the foregoing reasons, Plaintiff and Defendant respectfully request that the Court grant this Motion staying discovery until August 1, 2024.

Dated: July 15, 2024

FERGUSON SCHINDLER LAW FIRM, P.C.

s/ *Matthew C. Ferguson*
Matthew C. Ferguson
119 South Spring Street
Suite 201
Aspen, Colorado 81611
(970) 925-6288
matt@fsaspenlaw.com
*Attorney for Defendant*

QUARLES & BRADY LLP
/s/ *Kate Bohmann*
Ian L. Saffer
Kate L. Bohmann
8210 Southpark Terrace
Littleton, Colorado 80120
(303)-268-0066
ian.saffer@quarles.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

4

I, the undersigned, hereby certify that on this 15th day of July 2024, a true and correct copy of **JOINT MOTION TO STAY DISCOVERY PENDING MEDIATION PURSUANT TO LOCAL RULE 16.6(a)** was filed and served *via* email upon the following:

Ian L. Saffer
Kate Bohmann
Ian.Saffer@quarles.com
Kate.Bohmann@quarles.com

                                                 s/ *Sarah Toubia*
                                                   Sarah Toubia